UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Williams, Marciona Mitchell,

    Plaintiffs,

v.

Brian Maurer, Russell Gartha, Eric Jachym, Tyler Fegreus, Patrick McCormick, Cole Armil, and Trevor Elliot,

    Defendants.

Case No. 19-10850

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

_____/

## **ORDER REGARDING DISCOVERY DISPUTE**

The Court, having been informed of the parties' discovery dispute after a telephonic status conference held on November 26, 2019, orders as follows. The Court entered an order on October 31, 2019 ordering Defendants[1] to produce the individual Defendants' entire personnel files and redact only those portions that contained personal protected

---

[1] The original discovery request at issue was a third-party subpoena issued to the City of Southfield, which is not a party to this case. Counsel for Defendants represents the City of Southfield and handled the third-party production of documents on behalf of the City of Southfield.

information, such as Social Security numbers, addresses, and health information (ECF No. 15), and the parties also stipulated to a protective order. (ECF No. 16.) Defendants produced over 900 pages of documents along with a combined redaction and privilege log, which is 116 pages long. Plaintiffs raise a dispute as to two categories of documents on the log.

First, Plaintiffs dispute the propriety of Defendants' redactions of third-party individual citizen information from the production. This information relates to certain individual third-party citizen complaints in Defendants' personnel files, and the redacted information includes the citizen's names, addresses, phone numbers, social security numbers, photographs, dates of birth, and vehicle information. Defendants argue that this information was redacted under their interpretation of the October 31, 2019 order for the purpose of protecting these citizens' privacy. Plaintiffs argue that the October 31, 2019 order did not relate to third-party information contained in the personnel files.

Despite this, Defendants agree that their interest in protecting the privacy of these citizens would be satisfied if the documents are produced in a manner limited to attorneys' eyes only, and the Court agrees. The

2

documents must be produced unredacted, except as to the citizens' Social Security numbers, which may be redacted. Neither party will be precluded from raising admissibility issues related to these documents at a later time, if necessary. Defendants shall produce the documents as an attorneys' eyes only production as set forth no later than **Monday December 9, 2019**.

Second, Plaintiffs dispute the propriety of Defendants' redactions and assertions of the deliberative process privilege. The Court will hold a hearing on the record on this issue, which will be noticed on the docket.

Finally, the Defendants requested that the Court continue the scheduling order to allow more time beyond the December 2, 2019 dispositive motion deadline, in order to comply with the Court's order regarding the citizens' document production as set forth above. The scheduling order has been set in this case since April 2019, and the Court's order regarding the production set forth above allows for ample time to comply.

IT IS SO ORDERED.

Dated: November 26, 2019　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2019.

                                                s/William Barkholz
                                                Case Manager