UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Williams and Marconia Mitchell,

              Plaintiffs,

v.

Brian Maurer, Russell Gartha, Eric Jachym, Tyler Fegreus, Patrick McCormick, Cole Armil, and Trevor Elliott,

              Defendants.

_____/

Case No. 19-10850

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO FOR RELIEF FROM AN ORDER [39] AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS [44]**

Before the Court is Defendants' motion for relief from an order (ECF No. 39) and Plaintiffs' motion for sanctions (ECF No. 44). For the reasons set forth below, Defendants' motion is granted and Plaintiffs' motion is denied.

    **I.    Background**

Defendants' motion for relief from an order is brought under Federal Rule of Civil Procedure 60, which allows a court to correct an

order that contains a mistake. *See* Fed. R. Civ. P. 60(a), (b). (ECF No. 39.) Plaintiffs' motion for sanctions against Defendants is brought in connection with Defendants' motion for relief from an order. (ECF No. 44.) Both motions stem from the Court's opinion and order granting in part and denying in part the parties' cross motions for summary judgment. (ECF No. 33.)

The parties filed cross-motions for summary judgment on December 2, 2019. (ECF Nos. 22, 23.) Part of Plaintiffs' motion argued that summary judgment should be granted in their favor for Plaintiff Williams' false arrest claim. (*See* ECF No. 23, PageID.577–579.) Defendants opposed this position, but they did not argue that any portion of the audio recording supported a finding that a factual issue was in dispute. Instead, they argued the following:

> Plaintiff Williams is not entitled to summary judgment on his claim that he was illegally seized and arrested because the officers['] actions were justified by the exigency of the circumstances, reasonable suspicion, and probable cause. Ofc. Armil repeatedly told Mr. Williams to step into the living room so the officers could speak to him to find out what was going on. [Ex. E, p. 23]. He told Mr. Williams to remove his hand from behind his back so he could ensure there was no weapon in it for his own safety and that of everyone around him. [Ex. E, p. 23]. Contrary to Plaintiff's assertions, Mr. Williams was not seiz[ed] until Ofc. Armil placed his hands on

> Mr. Williams as Ofc. Armil's words did not stop his movements. Ofc. Armil needed to act quickly, as the officers were investigating a possible domestic dispute with possible injured parties. He had reasonable suspicion to believe Mr. Williams was one of the involved parties as there were only two individuals visible in the apartment where he had heard a male and female screaming. [Ex. E, p. 15]. He acted reasonably for both safety and investigatory reasons. He first gave commands to Mr. Williams and when Mr. Williams refused to comply with commands, he had probable cause to believe that Mr. Williams was guilty of resisting and obstructing, a felony. Mich. Comp. Laws Ann. § 750.81d (West); *Saad v. City of Dearborn*, [No. 10-12635,] 2011 WL 3112517, at *5. Thus, under the circumstances, the seizure and arrest of Mr. Williams was legal and Mr. Williams is not entitled to summary judgment.

(ECF No. 28, PageID.909.) The Exhibit E, cited in support of Defendants' position, is Armil's deposition transcript. (*See* ECF No. 28-6, PageID.968.)

On September 9, 2020, the Court issued its opinion and order that included a finding in favor of Williams on his false arrest count. It stated, in relevant part:

> Although most false arrest cases should be determined by a jury, this case presents a situation where summary judgment must be granted in favor of Williams as a matter of law. . . . As set forth above, the probable cause analysis requires a "fair probability" that Williams committed obstruction. All that the evidence shows here is that Williams stepped into the living

3

> room from the bedroom, paused, and then took one or two steps back. There is no evidence that he failed to comply with a lawful command. The audio recording reveals that the events resulting in his arrest and removal from the home transpired in a very short period of time. Any investigation that could have resulted in probable cause for an arrest for obstruction was cursory, if it occurred at all. There is no question of fact on resistance.

(ECF No. 33, PageID.1118–1119.)

Defendants appealed this ruling to the Sixth Circuit Court of Appeals. In their appeal brief, they argued that Armil commanded Williams to step into the living room, that Williams ignored the command, and therefore Armil was justified in arresting Williams due to exigent circumstances. (*See* Sixth Cir. Case No. 20-1996, Document: 17, Page 63.) They argued for the first time that the audio recordings of the encounter support their position. (*Id.*) The Sixth Circuit held that it did not have jurisdiction to hear these arguments. *Williams v. Maurer*, 9 F. 4th 416, 427–430 (6th Cir. 2021).

## II.   Legal Standard

### A. Relief from Judgement or Order Standard

Defendants make their motion under Federal Rules of Civil Procedure 60(a), 60(b)(1), and 60(b)(6). Rule 60(a) states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> Rule 60(a)'s "basic purpose" is
>
>> to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995)). Clerical mistakes include those made by judges as well as ministerial employees. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an "error[ ] of substantive judgment." *Olle* [*v. Henry & Wright Corp*.], 910 F.2d [357,] 364 (6th Cir. 1990).

*In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

Rule 60(b)(1) and (6) state:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; [. . .] or
>
> (6) any other reason that justifies relief.

Rule 60(b)(1), (6). The burden of establishing that Rule 60 applies is on the party seeking to invoke it. *See McCurry ex rel. Turner v. Adventist*

*Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). The determination of whether to grant relief is discretionary. *Id.* Further, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

### B. Sanctions Standard

Plaintiffs move for sanctions against Defendants under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11.

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

Federal Rule of Civil Procedure 11 states, in relevant part: "If, after notice and a reasonable opportunity to respond, the court determines

6

that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Rule 11(b), referenced in Rule 11(c)(1), states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

Fed. R. Civ. P. 11(b).

### III. Analysis

### A. Rule 60 Motion

#### 1. Rule 60(b)(1) is the Applicable Provision

As set forth above, Defendants moved under Federal Rules of Civil Procedure 60(a), 60(b)(1), and 60(b)(6). As an initial matter, Rule 60(a) does not apply. Defendants are seeking to correct more than a clerical error, and instead are seeking to have the court revisit its legal analysis, which is not appropriate under Rule 60(a). Rule 60(a),

7

> does not[ ] authorize the court to revisit its legal analysis or otherwise correct an "error[ ] of substantive judgment." *Olle* [*v. Henry & Wright Corp.*], 910 F.2d [357,] 364 (6th Cir. 1990).

*In re Walter*, 282 F.3d at 440. Thus, Rule 60(a) does not apply.

Rule 60(b)(6) does not apply either. Rule 60(b)(6) applies only under "'exceptional or extraordinary circumstances' that are not addressed in the preceding five subsections of the Rule." *McCurry*, 298 F.3d at 593. Before awarding relief under Rule 60(b)(6), the Court must first determine that Rule 60(b)(1) and the other subsections of Rule 60 are inapplicable. *Id.* (finding that the district court erred in granting relief under 60(b)(6) without first determining that 60(b)(1) was inapplicable).

Defendants' motion is appropriately brought under 60(b)(1) because they argue that the Court made a mistake in the analysis when ruling on the false arrest claim. Specifically, they argue that a factual question exists as to whether Armil gave Williams a command that Williams failed to follow.

### 2. Rule 60(b)(1) Motion is Granted

Defendants argue that the Court mistakenly failed to find that a fact question exists related to the false arrest claim. In the audio recordings of the incident, someone can be heard saying, "come over here"

8

twice, followed by "sit down." Defendants argue that the speaker is Armil commanding Williams to step into the living room. They do not explain how "sit down" fits in. They argue that Williams did not comply with the command, which justified the officers' decision to arrest him. As in their response to Williams' summary judgment motion on this issue, Defendants argue that Armil's deposition testimony supports their interpretation of the audio recordings, when Armil stated:

> I asked Mr. Williams his name. I tried to explain to him why we were there. I asked him step in the living room so we could speak to him and I asked him to remove his left hand from behind his back just so I can confirm that he didn't have a weapon in his hand. Mr. Williams didn't answer or reply to any of my questions or statements. He was very irate and upset and began to back into the bedroom.

(ECF No. 28-6, PageID.980.)

Until their case was on appeal, Defendants did not argue that the speaker who repeated "come over here" on the recording was Armil, nor did they argue that this was a command directed to Williams to step into the living room. (*See* ECF No. 28, PageID.909.) The recording was available to Defendants at the time of the summary judgment motions and there is no reason why Defendants could not have raised the argument at that time.

9

Although Defendants should have raised their argument regarding the recording earlier, a jury is the proper decisionmaker on this issue. The jury should determine whether the speaker who states "come over here" on the recording is Armil,[1] whether that constituted a lawful command directed to Williams, and whether Williams ignored the command. Thus, although the Court has listened to the recording many times and has no way to discern who the speaker is, the Court grants Defendants' motion under Rule 60(b)(1) and now finds that there is a material question of fact that precludes summary judgment on this question.

The scene captured on the audio recording is fast and confusing. Defendants have been of little help to the Court in its efforts to understand what occurred, despite its ruling in their favor today. After all, Armil's deposition testimony about the interaction differs a great deal from the audio recordings. For example, there is no indication from the audio recordings that Armil, or anyone else, asked Williams his name, explained why police were present, asked Williams to step into the living

---

[1] Defendants acknowledge that the speaker is ambiguous because they state, "the audio does capture a command that *may be* Ofc. Armil directing it towards Williams." (ECF No. 39, PageID.1165 (emphasis added).)

room, or asked him to remove his left hand from behind his back so police could confirm that Williams did not have a weapon in his hand. A directed verdict in Plaintiffs' favor may be appropriate on this count at the close of evidence if Armil testifies consistent with his own deposition.

### C. Sanctions are Denied

Plaintiffs move for sanctions against Defendants. (ECF No. 44.) They argue that the arguments made by Defendants "lack a good faith basis, were not presented for a proper purpose, and were entirely frivolous." (ECF No. 44, PageID.1191.) For the reasons set forth above, the motion was not frivolous and has been granted. Accordingly, Plaintiffs' motion for sanctions is denied.

## IV. Conclusion

For the reasons set forth above, the Court grants Defendants' motion for relief and denies Plaintiffs' motion for sanctions.

IT IS SO ORDERED.

Dated: June 2, 2022            s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2022.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager